United States District Court
Southern District of Texas
**ENTERED**
March 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| WILLIAM ANTHONY SCHULMEIER, § § Plaintiff, § § VS. § BOBBY LUMPKIN, § § Defendant. § § § § § § | CIVIL ACTION NO. 6:20-CV-00058 |

## MEMORANDUM AND RECOMMENDATION

Petitioner William Anthony Schulmeier is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Stevenson Unit in Cuero, Texas. Schulmeier filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 14, 2020.[1]  (D.E. 1).  Schulmeier, who was convicted of a failure to complete his annual sex offender registration, challenges the subsequent revocation of his community supervision.  Respondent filed a motion for summary judgment, to which Schulmeier has not responded.  (D.E. 12).  As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Schulmeier's habeas corpus petition be denied.  It is further recommended that a Certificate of Appealability ("COA") be denied.

---

[1] Schulmeier stated under penalty of perjury that he placed his petition in the prison mail system on August 14, 2020, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

## I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Schulmeier is incarcerated in DeWitt County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. Petition and Claims

In his § 2254 petition, Schulmeier raises four claims. (D.E. 1 at 6-7). First, he asserts that his due process rights were violated because no indictment was ever presented in this case, all three alleged probation violations were not true, he never received revocation paperwork, and he never spoke to a probation officer. (*Id.* at 6). Second, he argues that his counsel was ineffective because he refused to allow Schulmeier to speak, refused to address the untrue probation violations, lied to the state and court about Schulmeier's mental state, and refused to file an appeal. (*Id.*). Third, Schulmeier contends that his plea was involuntary because he was only eight days late to report to the registration department and had medical problems at the time. (*Id.* at 7). Finally, Schulmeier asserts that the requirement that he register as a sex offender violates the Ex Post Facto clause because it was imposed after he was sentenced. (*Id.*).

### b. State Court Records

In March 2018, Schulmeier waived an indictment and was charged in an information with intentionally, knowingly, or recklessly failing to register as a sex offender. (D.E. 9-3 at 33-34). Schulmeier pleaded guilty to the offense and was sentenced to five years' imprisonment, with the sentence suspended to community supervision. (*Id.* at 77). Among

2

other requirements, Schulmeier was required to adhere to the following terms while on community supervision: (1) abstain from the illegal use of controlled substances, dangerous drugs, and alcohol, and submit to drug testing as directed (Condition 2); (2) report to/apply for a mental health evaluation (Condition 15BB); and (3) attend a Treatment Alternative to Incarceration Program ("TAIP") provided through the county (Condition 15AA). (*Id.* at 79-80).

In June 2019, the state filed a motion to revoke Schulmeier's community supervision, contending that he had violated the conditions of his community supervision by: (1) refusing to submit to drug testing; (2) failing to register for or attend a mental health evaluation; and (3) failing to comply with the instructions of his court-ordered substance abuse treatment program and being suspended from the program. (*Id.* at 84).[2]

According to the judgment, Schulmeier pleaded true to condition "26 as set out in the state's motion to revoke." (*Id.* at 86). The court revoked his community supervision and reinstated the five-year sentence of imprisonment. (*Id.*). Schulmeier did not file a direct appeal.

---

[2] The motion to revoke cites "Condition No. 26" for Schulmeier's failure to comply with the instructions of the substance abuse treatment program. (D.E. 9-3 at 84). However, Condition 26 was not one of the conditions marked as applicable on Schulmeier's community supervision document. (*Id.* at 82). Instead, this appears to be a reference to Condition 15AA. (*Id.* at 80). Regardless, Schulmeier does not dispute that he was supposed to attend a substance abuse treatment program and was suspended from that program, he merely argues that his suspension occurred because he could not afford to pay for the program. (*See* D.E. 9-5 at 9-10).

Schulmeier next filed an application for a writ of habeas corpus in state court under Article 11.07 of the Texas Code of Criminal Procedure. (*Id.* at 5-26). The Texas Court of Criminal Appeals ("TCCA") dismissed the application as noncompliant. (D.E. 9-2 at 1).

Schulmeier then filed a second Article 11.07 application. (D.E. 9-5 at 4-19). In this application, Schulmeier first contended that the probation violations were invalid because he: (1) never refused to submit to drug testing; (2) never missed any mental health appointment and did not need one because he was mentally sound; and (3) was removed from the substance abuse program because he could not pay for it after being unable to work due to surgery. (*Id.* at 9-10). Second, Schulmeier contended that his probation officer never told him there were any problems and he was arrested without being told why. (*Id.* at 11). He argued that he was never given paperwork related to the revocation, was never able to speak with his probation officer, and was not able to give his side during the revocation hearing. (*Id.* at 11-12). Third, Schulmeier asserted that counsel was ineffective for: (1) failing to conduct any investigation; (2) refusing to allow Schulmeier to speak at the revocation hearing; (3) lying about Schulmeier's mental state; and (4) refusing to file an appeal. (*Id.* at 13-14). Finally, Schulmeier argued that his sentence was excessive. (*Id.* at 15-16).

Cecil Bain, Schulmeier's counsel during the revocation proceedings, stated the following in an affidavit. (*Id.* at 110-12). First, he investigated the case prior to the revocation hearing and consulted with Schulmeier about the facts of the case, including visiting him in jail and reviewing the discovery documents with him. (*Id.* at 110). He also appeared in court with Schulmeier, discussed the facts of the case and Schulmeier's

4

options, and discussed the case with both the probation officer and the state's attorney. Following these discussions, Schulmeier knowingly and voluntarily pleaded true to the allegations. (*Id.*). Second, he discussed the right to appeal with Schulmeier, but Schulmeier did not indicate that he wanted to appeal at the time and never subsequently told Bain that he wanted to appeal either. (*Id.* at 111). Third, Bain never requested a mental health evaluation and did not have any issue with Schulmeier's mental health. Finally, Bain did not mention Schulmeier's physical condition at the revocation hearing because it was not an issue. (*Id.*).

Bain attached a copy of the trial court's certification of Schulmeier's right of appeal, which was signed by the judge, Schulmeier, and Bain. (*Id.* at 117). He attached a mental health questionnaire from when Schulmeier was admitted to jail, which indicated that Schulmeier had no mental health issue. (*Id.* at 118). Finally, he attached a letter from Schulmeier written before the revocation hearing. (*Id.* at 119). In the letter, Schulmeier stated that he did not believe he did anything wrong and was never notified of any issues by the probation officer. He stated that outpatient treatment would be better for him than being in prison, and that the only reason for any violation was that he was behind on payments due to his previous medical issues. (*Id.*).

The trial court found Bain's affidavit to be truthful and credible. (*Id.* at 107). The trial court found that Schulmeier had failed to show that he received ineffective assistance of counsel, and also failed to meet his burden on all other claims. (*Id.* at 107-08). Accordingly, the trial court recommended that the Article 11.07 application be denied. (*Id.* at 108).

5

The TCCA denied Schulmeier's Article 11.07 application without written order on the findings of the trial court and the court's independent review of the record. (D.E. 9-4 at 1).

### III. DISCUSSION

    *a.    Standard of Review*

A § 2254 petition raising claims that were adjudicated on the merits in state court may not be granted unless the adjudication of the claim: (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state court. 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). This is a difficult standard to meet. *Id.* at 102-03.

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. Where a state court decides a prisoner's federal claim on the merits in a reasoned opinion, the federal court merely "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Even summary rulings by state courts are afforded deference under § 2254(d), and in such cases, the relevant question is what arguments or theories could have supported the state court's decision. *Harrington*, 562 U.S. at 99, 102.

If a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999). A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id.* In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

7

    *b.*    *Exhaustion*

In the motion for summary judgment, Respondent first argues that Schulmeier's third and fourth claims are unexhausted and procedurally defaulted because he failed to raise them in his Article 11.07 application and he is now barred from raising them in a second state application. (D.E. 12 at 4-8).

Schulmeier has not responded.

Under the applicable federal law, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). A petitioner must "fairly present" the substance of his claim to the state court. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). He must raise the same claim in federal court that he raised in state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A claim is not exhausted if the petitioner presents new legal theories or factual claims in his federal petition. *Neville v. Dretke*, 423 F.3d 474, 478 (5th Cir. 2005).

The exhaustion requirement is not jurisdictional. *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005). Nonetheless, a petitioner's failure to comply with the exhaustion requirement precludes federal court review of his claims. *Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B). A Texas petitioner may exhaust his

state court remedies by filing either a petition for discretionary review or an application for habeas corpus relief with the TCCA. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

A procedural default occurs where a petitioner has failed to exhaust state remedies and the state court would now find the claim procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Under these circumstances, a federal court need not dismiss the claims to allow exhaustion. *Rocha v. Thaler*, 619 F.3d 387, 398 (5th Cir. 2010). Under Texas law, a court may not consider the merits of a subsequent application for a writ of habeas corpus unless the petitioner establishes: (a) that the new claims could not have been presented in a timely initial application or a previously filed application because the factual or legal basis was unavailable at that time; or (b) but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt. Tex. Code Crim. P. art. 11.07, sec. 4(a). Even if a claim is procedurally defaulted, a federal court may consider the merits if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show that a miscarriage of justice would result from the failure to consider the claim. *Coleman*, 501 U.S. at 750.

"[A] a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

9

Here, Schulmeier has failed to exhaust his claims that his plea was involuntary and that the requirement to register as a sex offender violated the Ex Post Facto clause because he did not raise these claims in his Article 11.07 application. (*See generally* D.E. 9-5 at 4-19). Moreover, Schulmeier's claims are procedurally defaulted because the state court would now find them procedurally barred if he attempted to raise them. *See* Tex. Code Crim. P. art. 11.07, sec. 4(a). Schulmeier cannot overcome this default because he has not made any showing of cause or prejudice for the default, nor has he established that a miscarriage of justice would result from the failure to consider the merits of his claims. *Coleman*, 501 U.S. at 750. Schulmeier did not file a response to the motion for summary judgment, and only stated in his petition that he was "unaware" of the ex-post-facto claim when he filed his Article 11.07 application. (D.E. 1 at 8). This explanation does not establish cause or prejudice, or that a miscarriage of justice would result from the failure to consider the claim.

    c.    *Due Process Violations*

Respondent next argues that Schulmeier knowingly and voluntarily pled true to failing to comply with the instructions of the Lonestar Treatment Program and that the state court's findings on this issue are presumed to be true. (D.E. 12 at 12-14). Respondent contends that Schulmeier has not rebutted the state court's findings by clear and convincing evidence and, therefore, has not met his burden to prevail. (*Id.* at 14).

Under Texas law, a single sufficient ground for revocation is enough to support an order revoking probation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). As such, a plea of true to any alleged violation of the conditions of community supervision

supports the revocation of community supervision. *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.). When a defendant enters a plea of true to an alleged violation, and the trial court makes a finding of true based on the plea, the defendant cannot later challenge the sufficiency of the evidence to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

Here, Schulmeier pleaded true to the allegation that he failed to comply with the instructions of his court-ordered substance abuse treatment program and was suspended from the program. (D.E. 9-3 at 86). In this claim, Schulmeier has not argued that this plea was unknowing or involuntary, and as discussed above, he has not exhausted any claim raising that argument. In his Article 11.07 application, he again admitted that he was suspended from the substance abuse treatment program. (D.E. 9-5 at 9-10). Because he entered a knowing and voluntary plea of true to one of the allegations in the motion to revoke, he cannot now challenge the sufficiency of the evidence to support the revocation. *Cole*, 578 S.W.2d at 128. Moreover, he has not established that the state court's denial of his claims regarding the failure to present an indictment on the violations, his failure to receive revocation paperwork, and his inability to speak with a probation officer after the violations was contrary to, or an unreasonable application of, clearly established federal law or the facts presented to the state court. 28 U.S.C. § 2254(d). Notably, Schulmeier had counsel for the revocation proceedings, and the trial court credited counsel's affidavit, which indicated that counsel reviewed all the documents with Schulmeier and met with the probation officer. (D.E. 9-5 at 110-11, 107). The state court's credibility determination in

11

favor of counsel is entitled to deference, and Schulmeier has not met his burden to rebut it with clear and convincing evidence. *Garcia*, 454 F.3d at 444.

    d.    *Ineffective Assistance*

Finally, Respondent argues that Schulmeier did not have an absolute right to the assistance of counsel during his revocation proceedings, but the state court appointed counsel anyway. (D.E. 12 at 14-15). Respondent argues that the state habeas court's credibility determination in favor of counsel is entitled to deference, and Schulmeier has not met his burden to rebut the state court's finding by clear and convincing evidence. (*Id.* at 15-19).

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show, first, that counsel's performance fell below an objective standard of reasonableness and, second, that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable. *Id.* at 687-88. The court must then determine whether, in light of all the circumstances, counsel's acts or omissions were outside the wide range of professionally competent assistance. *Id.* at 690. To show prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 695. Federal court review of a state court's denial of an ineffective-assistance claim is "doubly deferential" because the court must

give deference both to counsel's performance and to the state court's conclusion. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

Here, Schulmeier has not established that the state court's denial of his ineffective-assistance claim was contrary to, or an unreasonable application of, clearly established federal law. Counsel stated in an affidavit that he met with Schulmeier at the jail, discussed the allegations with him, and reviewed all the documents in the case. (D.E. 9-5 at 110-11). Moreover, counsel stated that he had no issues with Schulmeier's mental state, citing Schulmeier's responses to the mental health diversion questions when he entered the jail. Finally, counsel stated that he explained Schulmeier's right to appeal to him, but Schulmeier never indicated that he wanted to appeal. (*Id.*). The state trial court made a credibility determination in favor of counsel, and this determination is entitled to deference. (*Id.* at 107); *Garcia*, 454 F.3d at 444. In order to prevail on this claim, Schulmeier must rebut the state court's findings with clear and convincing evidence, which he has failed to do. *Garcia*, 454 F.3d at 444. Schulmeier's own statements are the only evidence that rebut counsel's, and "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross*, 694 F.2d at 1011. Accordingly, Schulmeier has not established that the state court's denial of his claim was unreasonable.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A).  Although Schulmeier has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327.  Where a claim is dismissed on a procedural ground, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Here, it is recommended that some claims be dismissed on procedural grounds and some on the merits.  Reasonable jurists would not find it debatable that Schulmeier's third and fourth claims are unexhausted and procedurally barred.  Nor would jurists of reason

debate the denial of habeas relief on the merits of the remaining claims. Therefore, it is further recommended that any request for a COA be denied.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 12) be GRANTED and Schulmeier's § 2254 petition be DENIED. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted on March 15, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).