United States District Court
Southern District of Texas

**ENTERED**

March 08, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **WILLIAM ANTHONY SCHULMEIER,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:20-CV-00058** |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER
ACCEPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court is the Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton in this Civil Action. (Dkt. No. 14). In the M&R, Magistrate Judge Hampton recommends the Court (1) grant Respondent Bobby Lumpkin's Motion for Summary Judgment; (2) deny *pro se* Petitioner William Anthony Schulmeier's petition for writ of habeas corpus under 28 U.S.C. § 2254; and (3) deny a certificate of appealability. Schulmeier did not respond to Lumpkin's Motion for Summary Judgment.

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations.[1] *See* 28 U.S.C. § 636(b)(1). Schulmeier filed timely objections. (Dkt. No. 15). As a result, the Court "shall make a de novo determination of

---

[1]   Rule 72 normally governs review of a magistrate judge's M&R. The comment to Rule 72 of the Federal Rules of Civil Procedure, however, states that Rule 72 is inapplicable in the habeas corpus context. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007).

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court has conducted *de novo* review of the M&R, the objections, the record, and the applicable law. After careful review, the Court **ACCEPTS** the M&R.

## I.   LEGAL STANDARDS

### A.   REVIEW OF A MAGISTRATE JUDGE'S FINDINGS

When objections are filed to part of a magistrate judge's recommendation, a district court must conduct *de novo* review. 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Relevant here, a court liberally construes a *pro se* document. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

### B.   EXHAUSTION UNDER SECTION 2254

Schulmeier's single objection pertains to exhaustion under Section 2254. Before a federal court can grant a Section 2254 application, a petitioner must first exhaust "the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Thus, "the state prisoner must give the state courts an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999) (emphasis added). If a state prisoner has not first given the state courts an opportunity to act on a particular claim, "that claim is procedurally defaulted and a federal court ordinarily cannot consider it on habeas

review." *Nelson v. Davis*, 952 F.3d 651, 662 (5th Cir. 2020) (citing *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991)).

## II.    REVIEW OF THE OBJECTIONS

In his habeas petition, Schulmeier raises four claims.[2] (Dkt. No. 1).  His objection, by contrast, only takes issue with Magistrate Judge Hampton's recommendation regarding his fourth claim: the requirement to register as a sex offender violates the Ex Post Facto Clause of the United States Constitution.[3]  (*Id.* at 2, 7).  As to this claim, Magistrate Judge Hampton concluded that (1) Schulmeier failed to exhaust the claim in state court; (2) a state court would find the claim procedurally defaulted; and (3) Schulmeier cannot overcome the default by showing cause or prejudice for the default or by showing a miscarriage of justice.  (Dkt. No. 14 at 10).  Schulmeier, in his objections, solely argues that a procedural bar is not a valid basis for a federal court to ignore a constitutional violation.  (Dkt. No. 15).   In other words, he argues the Court must reach the merits of his constitutional claim despite the fact that the claim is procedurally defaulted.

## III.    DISCUSSION

The Court agrees with Magistrate Judge Hampton that Schulmeier's claim regarding the Ex Post Facto Clause is procedurally barred and should not be considered.

---

[2]    These four claims include due process, ineffective assistance of counsel, involuntary plea, and the Ex Post Facto Clause.  (Dkt. No. 1 at 6–7).  Again, Schulmeier does not object to Magistrate Judge Hampton's recommendation as to the first three claims.  Thus, the Court adopts the recommendation as to these claims.

[3]    "No . . . ex post facto Law shall be passed."  U.S. Const. art. I, § 9, cl. 3.

Schulmeier's first problem is his failure to exhaust.  A prisoner in state custody, like Schulmeier, "exhausts his state-court remedies [under Section 2254] by fairly presenting the substance of his constitutional claim to a state high court."  *Scott v. Hubert*, 635 F.3d 659, 667 (5th Cir. 2011) (citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)).  Here, Schulmeier did not fairly present the substance of his Ex Post Facto claim to a state court.  In fact, Schulmeier did not present the claim at all.

Schulmeier's first habeas application, filed in the Texas Court of Criminal Appeals under Texas Code of Criminal Procedure Article 11.07,[4] does not reference the Ex Post Facto Clause.[5]  (Dkt. No. 9-3 at 5–26).  Schulmeier's second habeas application—the application that was actually addressed on the merits by the state court—also does not reference the Ex Post Facto Clause.[6]  (Dkt. No. 9-5 at 4–19).  Thus, it is clear that Schulmeier failed to raise his Ex Post Facto claim in state court.  Indeed, Schulmeier concedes that his Ex Post Facto claim is raised for the first time in his current petition. (Dkt. No. 1 at 8).

Schulmeier's failure to originally raise the claim before a state court, however, does not end the inquiry.  Both Texas law and federal law permit limited instances in which a

---

[4]   This part of the Texas Code of Criminal Procedure "establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."  Tex. Code Crim. P. art. 11.07, § 1.

[5]   The first application was denied as noncompliant because Schulmeier exceeded the page limits.  (Dkt. No. 9-2).

[6]   The 399th Judicial District Court in Bexar County, Texas, after reaching the merits of Schulmeier's claims, recommended denial of the second application.  (Dkt. No. 9-5 at 104–09). The Texas Court of Criminal Appeals then denied the second application "without written order on findings of trial court without hearing and on the court's independent review of the record." (Dkt. No. 9-4).

court may ignore the failure to originally raise a claim. Texas law provides that a state court can consider a subsequent habeas application "after final disposition of an initial application challenging the same conviction" if the subsequent application establishes:

> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

Tex. Code Crim. P. art. 11.07, § 4(a). If a petitioner has "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred" under Article 11.07, a federal court properly concludes that there is a procedural default. *See Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. at 2557 n.1; *accord Ramey v. Lumpkin*, 7 F.4th 271, 281 (5th Cir. 2021). Even if there is a procedural default, a federal court can consider the merits of a claim if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565; *accord Gonzales v. Davis*, 924 F.3d 236, 242 (5th Cir. 2019) (per curiam).

As Magistrate Judge Hampton explains, Schulmeier does not establish any of these circumstances. (Dkt. No. 14 at 10). As an initial matter, Schulmeier failed to respond to the Motion for Summary Judgment. Under Southern District of Texas Local Rule 7.4,

"[f]ailure to respond to a motion will be taken as a representation of no opposition." Additionally, in his current habeas petition, Schulmeier merely alleges that he was unaware that he could assert an Ex Post Facto claim. (Dkt. No. 1 at 8). Schulmeier thus appears to argue that this legal basis was "unavailable" within the scope of Article 11.07. This is unavailing. A legal basis is "unavailable" under Article 11.07 if the basis "was 'not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state' on or before the date the previous writ was filed." *Ex parte Kussmaul*, 548 S.W.3d 606, 633 (Tex. Crim. App. 2018) (quoting Tex. Code Crim. P. art. 11.07, § 4(b)). Schulmeier's claim under the Ex Post Facto Clause could have been reasonably formulated when he filed his previous application. Thus, Schulmeier's claim is procedurally defaulted. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

For the Court to reach the merits of the Ex Post Facto claim despite procedural default, Schulmeier must show both cause for the default and actual prejudice. *See Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. He has not. Again, the only argument Schulmeier offers in his petition is that he did not think to raise a claim under the Ex Post Facto Clause. But ignorance of the law is not cause. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992); *Woods v. Whitley*, 933 F.2d 321, 323 (5th Cir. 1991). And in his objection, Schulmeier sidesteps the issue by asking the Court to ignore the failure to exhaust. But he is placing the cart before the horse. Schulmeier "has not shown cause for and prejudice attributable to the default or demonstrated that a failure to address his claim will result in a fundamental miscarriage of justice." *See Halprin v. Davis*, 911 F.3d 247, 259 (5th Cir.

2018) (per curiam).  There is no applicable exception to the general rule that this Court cannot consider his procedurally defaulted claim.  *See Nelson*, 952 F.3d at 662.  The Court overrules the objection.

## IV.     CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R as the opinion of the Court.  Accordingly, the Court **GRANTS** Respondent Bobby Lumpkin's Motion for Summary Judgment.  (Dkt. No. 12).  The Court further **DISMISSES WITH PREJUDICE** Petitioner William Anthony Schulmeier's habeas petition under 28 U.S.C. § 2254.  (Dkt. No. 1).  Finally, the Court **DENIES** a certificate of appealability.

It is SO ORDERED.

Signed on March 7, 2022.

DREW B. TIPTON
UNITED STATES DISTRICT JUDGE

7